96   653
97   58
96   653
139   4

[No. 15231. In Bank. — December 7, 1892.]

JOSIAH SHERER, PETITIONER, *v.* THE SUPERIOR COURT OF LASSEN COUNTY, RESPONDENT.

APPEAL FROM JUSTICE'S COURT — NEW TRIAL — STRIKING OUT ANSWER — JUDGMENT BY DEFAULT — CERTIORARI. — Upon appeal from the judgment of a justice's court rendered in favor of the defendant, the action of the superior court, after the granting of a new trial, in striking out the answer of the defendant, filed in the justice's court, upon the ground that it was filed too late, and rendering judgment in favor of the plaintiff as upon a default, without further trial or hearing, is erroneous; but such error does not render the judgment void, or in excess of jurisdiction, and an application for a writ of *certiorari* to annul the judgment so rendered will be denied.

ID. — OFFICE OF CERTIORARI — EXCESS OF JURISDICTION — ERRONEOUS ACTION. — A writ of *certiorari* brings up for review merely the question whether the inferior tribunal or court exceeded its jurisdiction, and cannot be used to correct errors of law or fact committed by the inferior tribunal within the limits of its jurisdiction.

ID. — NATURE OF JURISDICTION. — Jurisdiction is the power to hear and determine, and does not depend upon the rightfulness of the decision.

APPLICATION to the Supreme Court for a writ of review to annul a judgment of the Superior Court of Lassen County.

The judgment sought to be annulled was rendered upon appeal to the superior court from a judgment rendered in justice's court in favor of the defendant in an action brought by H. L. Hoagland against Josiah Sherer. The appeal was taken by the plaintiff upon questions of law alone. The superior court rendered a judgment affirming a previous judgment of the justice's court in favor of the plaintiff, which had been set aside by the justice. This judgment of the superior court was annulled upon *certiorari*. (*Sherer* v. *Superior Court*, 94 Cal. 354.) After the decision of the supreme court annulling that judgment, the superior court made an order granting a new trial, and then, upon motion of the plaintiff, struck out the answer of the defendant filed in the justice's court, upon the ground that it was filed when the defendant was in default, and granted judgment in favor

of the plaintiff, as prayed for in his complaint, without further hearing.

*Spencer & Raker*, and *C. McClaskey*, for Petitioner.

De Haven, J.—This is an application for a writ of *certiorari* to annul a judgment entered by the superior court of Lassen County, in a certain action pending in that court on appeal from the judgment of a justice of the peace of that county.

The application must be denied. The superior court committed a very grave error in striking out the answer of petitioner filed in that action, and in rendering judgment against him without any further trial, and as if he was in default. But the motion asking the court for such order and judgment was regularly submitted to it, and was clearly within its jurisdiction to decide, and this being so, its judgment thereon cannot be annulled by means of the writ of *certiorari*. It must be deemed to be the settled law of this state that the writ of *certiorari* brings up for review but one question, and that is, whether the inferior tribunal or court exceeded its jurisdiction. It cannot be used to correct errors of law or fact committed by the inferior tribunal within the limits of its jurisdiction. (*Central Pac. R. R. Co.* v. *Placer Co.*, 46 Cal. 670; *Buckley* v. *Superior Court*, 31 Pac. Rep. 8.) Jurisdiction is the power to hear and determine, and does not depend upon the rightfulness of the decision made. The court in this case had the power, and in the regular course of proceeding in the disposition of the case before it was actually called upon, to determine, as a matter of law, whether or not the answer of petitioner was properly filed, and whether he was legally in default in the action; and the fact that the court erred in such decision does not render its judgment void.

Application for writ denied.

Harrison, J., McFarland, J., Sharpstein, J., and Beatty, C. J., concurred.

Paterson, J., dissenting. — I am unable to agree with the majority in this case. When it appears upon the face of the record that judgment has been arbitrarily rendered, in any case, against a party without a trial or hearing, as if he were in default when he is not, the action of the court — it matters not what court it is — is in excess of its jurisdiction; in my opinion, its judgment is absolutely void, subject to collateral attack, and ought to be annulled on *certiorari.*