### UNITED STATES v. MANEY.

(Circuit Court, D. Minnesota. May 28, 1894.)

1. COURT-MARTIAL—JURISDICTION—PLEADING.

The charge on a trial before a court-martial was "conduct to the prejudice of good order and military discipline;" the specification set up to be proved certain acts showing homicide by the accused. *Held*, that there was nothing in the charge itself alleging that the accused had committed murder; that the offense charged was within the jurisdiction of the court-martial, and it was for it to decide upon the validity and the sufficiency of the pleadings.

2. SAME—WRIT OF PROHIBITION.

Where accused is charged before a court-martial with "conduct prejudicial to good order and military discipline," and the specification shows that he is alleged to have committed a homicide, a plea of former acquittal by a civil court is a defense going to the merits of the case, and not to the jurisdiction of the court, and a civil court cannot interfere to prevent the exercise of such jurisdiction.

3. SAME—INTERFERENCE OF CIVIL COURTS.

The power to make rules and regulations for the government of the land and naval forces, and the power to establish the civil courts, were conferred upon congress under different articles of the constitution. They are independent powers; and when courts organized under those respective powers are proceeding within the limits of their jurisdiction they must be free from interference.

Application of James A. Maney for a writ of prohibition restraining a court-martial from proceeding with the trial of said Maney under the first charge and specification under examination before said court-martial.

F. P. Blair, for petitioner.

Col. Thomas F. Barr, Judge Advocate, for the United States.

NELSON, District Judge. I shall assume that all the allegations of fact presented in this application for a writ of prohibition are true; that it sets forth succinctly everything that has transpired up to this time. I have listened very attentively to the argument of counsel in this case. It is a very interesting one. The argument has been an exhaustive one upon the subject presented, and many questions have been discussed which, it seems to me, it is not necessary to decide. The application for the writ of prohibition, as stated by counsel, is a novel proceeding. I think this is the first time that the circuit court of the United States has been asked to employ this remedy for the purpose indicated in this petition. In the case cited by counsel (Smith v. Whitney, 116 U. S. 167, 6 Sup. Ct. 570), the supreme court of the District of Columbia was asked to employ the writ of prohibition. While it presents a very novel and interesting question, and there is great doubt in my mind of power in the court to issue a writ of prohibition, I shall concede that there is power in this court, upon an application in a proper case, to issue the writ. This court has no inherent power, it is true, to issue the writ of prohibition, and there is nothing in the statutes of the United States which confers, in express terms, such power. Section 716 of the Revised Statutes does authorize this court, in aid of its jurisdiction, to issue all writs which may be necessary for the exercise of its jurisdiction, and "agreeable to the usages and principles of law." The power imparted by this statute must be exercised under the qualifications indicated by the law. It is a very doubtful question, but I shall concede, for the purposes of this decision, that this court, even to a court-martial, has the power to issue the writ.

Now, what is the claim made by the counsel for the petitioner? He asks this court, upon the petition presented here, to restrain the court-martial now in session, trying the petitioner for a military offense, as alleged, from further proceeding in that case—First, for the reason that the court has no jurisdiction of the offense; second, that the court is proceeding in excess of its jurisdiction. In other words, that the first charge is the charge of murder, and that the military court has no jurisdiction to try an officer, in time of peace, for murder, except in cases of mutiny. Counsel claims that, although the charge is "conduct to the prejudice of good order and military discipline," the specification which informs the accused party of the acts which are set up to be proved states acts showing homicide by the accused, and that, consequently, murder is charged. I cannot agree with counsel in such a construction of this charge and specification. There is nothing in the charge itself alleging that Lieut. Maney has committed murder. It is only by reading the specification that we find homicide alluded to. The manner of stating it is

a· question of pleading rather than of jurisdiction. The charge against Lieut. Maney is "conduct to the prejudice of good order and military discipline." The military court has jurisdiction to try that charge, and it is for the court having such jurisdiction to decide upon the validity and sufficiency of the pleadings necessary to bring that charge before the court. It is a question of pleading over which this court has no control, and which the military court must decide.

Upon the other point raised by the counsel for the accused, to wit, that the court is proceeding in excess of jurisdiction, I have very little doubt of the principle upon which that must be decided. The supreme court of the United States in many cases has decided what constitutes jurisdiction. Jurisdiction is the right to hear, try, and determine a cause. I have jotted down, in a memorandum I have here, a definition of jurisdiction which is found in Grignon's Lessee v. Astor, 2 How. 338. The court in that case said:

"The power to hear and determine a cause is jurisdiction. It is coram judice whenever a case is presented which brings this power into action. If the petitioner presents such a case in his petition that, on a demurrer, the court would render a judgment in his favor, it is an undoubted case of jurisdiction; whether on an answer denying and putting in issue the allegations of the petition the petitioner makes out his case, is the exercise of jurisdiction, conferred by the filing a petition containing all the requisites, and in the manner required by law."

And again:·

"The jurisdiction of the court can never depend upon its decision upon the merits of the cause brought before it, but upon its right to hear and decide it at all." Ex parte Watkins, 7 Pet. 572.

Let us now apply the principles enunciated in those cases to the question here. Excess of jurisdiction is claimed against the court-martial because the defendant has once been tried for the same offense; that he has been acquitted, and the court-martial has no right to try him again. In all cases I know of, pleas of that character are matters of defense, and go to the merits, and the jurisdiction of the court does not depend upon its decision upon the merits of the cause brought before it. It is for the court having jurisdiction to try the charge, in the exercise of that jurisdiction, to decide all matters,—all questions of law or of fact,—and no other court can interfere. A case illustrating that doctrine was decided by my Brother Caldwell upon a writ of habeas corpus, where the question of jurisdiction was presented. See Ex·parte Ulrich, 43 Fed. 663. In that case he said:

"Errors in law, however numerous and gross, committed by the trial court in the cause within its jurisdiction, can only be reviewed by appeal or writ of error in the court exercising supervisory or appellate jurisdiction over the trial court in the particular case. It is only where the trial court is without jurisdiction of the person or the cause, and a party is subjected to illegal imprisonment in consequence, that the writ of habeas corpus may be invoked, and the party discharged from the illegal imprisonment."

He also cites in that case the opinion of the supreme court of the United States, delivered by Mr. Justice Miller, in Ex parte Bigelow, 113 U. S. 328, 5 Sup. Ct. 542, this being a case in which the plea was that the accused had been twice put in jeopardy for the same offense, in violation of the fifth amendment to the constitution of the United States. The court said:

"But that court had jurisdiction of the offense described in the indictment on which the prisoner was tried. It had jurisdiction of the prisoner, who was properly brought before the court. It had jurisdiction to hear the charge and the evidence against the prisoner. It had jurisdiction to hear and to decide upon the defenses offered by him. The matter now presented was one of those defenses. Whether it was a sufficient defense was a matter of law, on which that court must pass so far as it was purely a question of law, and on which the jury, under the instructions of the court, must pass, if we can suppose any of the facts were such as required submission to the jury. If the question had been one of former acquittal,—a much stronger case than this,—the court would have had jurisdiction to decide upon the record whether there had been a former acquittal for the same offense; and, if the identity of the offense were in dispute, it might be necessary, on such a plea, to submit that question to the jury on the same issue raised by the plea. The same principle would apply to a plea of a former conviction. Clearly, in these cases, the court not only has jurisdiction to try and decide the question raised, but it is its imperative duty to do so. If the court makes a mistake on such trial, it is error which may be corrected by the usual modes of correcting such errors; but that the court had jurisdiction to decide upon the matter raised by the plea, both as matter of law and of fact, cannot be doubted."

Delay might have enabled me to have elaborated my views upon this question, and perhaps more clearly presented them, but as I am satisfied that the case is correctly decided, although I have grave doubt about the power to issue the writ, I deem it proper, without delay and without elaboration, to announce my decision. The counsel thinks he has no remedy; that, if this court refuses the writ of prohibition in this case, he is remediless. But that is no reason for issuing the writ. The constitution has conferred upon congress, in the third article of the constitution, the power to create this court. In the first article of the constitution, power is granted congress to make rules for the government and regulation of the land and naval forces. These are independent powers, derived from different articles of the constitution, and, when courts organized under these respective powers are proceeding within the limits of their jurisdiction, they must be free from any interference. I shall refuse the writ of prohibition, as asked for in this case, for the reason that I am satisfied there is no sufficient cause presented for the issuing thereof.