[Civ. No. 508. First Appellate District.—August 13, 1908.]

CAROLINE COLTON DAHLGREN, Petitioner, v. SUPERIOR COURT OF COUNTY OF SANTA CRUZ, Respondent.

ESTATES OF DECEASED PERSONS—APPOINTMENT OF SPECIAL ADMINISTRATOR—PREFERMENT OF STRANGER TO CHILD—ERROR—CERTIORARI. The appointment of a stranger as a special administrator of the estate of a deceased person, in preference to the daughter of the decedent, who, as heir at law, devisee and legatee, petitioned for the appointment, constitutes an error in the exercise of jurisdiction, which, however gross, cannot be annulled upon writ of certiorari.

ID.—OFFICE OF CERTIORARI—REVIEW OF JURISDICTION—NOT WRIT OF ERROR—REMEDY BY APPEAL NOT ESSENTIAL.—The writ of *certiorari* only lies to review and annul an act without or in excess of jurisdiction. It cannot be issued to correct errors either of fact or law committed by the lower court, within the limits of its jurisdiction. It cannot be used in this state as a writ of error, whether there is a remedy by appeal or not.

ID.—NATURE OF JURISDICTION—POWER TO DECIDE CORRECTLY OR INCORRECTLY.—Jurisdiction is the power to hear and determine a cause or controversy, and necessarily includes the power to decide it incorrectly as well as correctly. It does not relate to the rights of the parties as between each other, but to the power of the court.

CERTIORARI to annul an order of the Superior Court of Santa Cruz County, appointing a special administrator of the estate of Ellen Colton, deceased.   Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

Charles M. Cassin, Bart Burke, and Marcel E. Cerf, for Petitioner.

J. F. Riley, Barclay Henley, and Crittenden Thornton, for Respondent.

HALL, J.—This is an original proceeding upon *certiorari,* having for its purpose to obtain the judgment of this court, annulling an order made by the superior court of Santa Cruz county, appointing the First Federal Trust Company, a corporation, special administrator of the Estate of Ellen M. Colton, deceased. Upon the filing of the petition by Caroline Colton Dahlgren, praying for the writ, the same was issued out of this court, and a return thereto was in due time made.

The facts of the case are briefly these: A petition for the probate of the will of Ellen M. Colton having been filed in the superior court of Santa Cruz county, a contest thereof was filed by Helen Sacher, a great granddaughter and heir at law of decedent, through her guardian. Thereupon an order was duly made appointing Walter J. Bartnett special administrator of said estate. Subsequently a petition was filed by the said granddaughter, acting through her guardian, praying for the removal of said Bartnett as such spe-

cial administrator. Said Bartnett thereupon presented to the court his resignation as such special administrator, and the court made and entered an order revoking his letters and removing him as special administrator of said estate. No question is raised as to the regularity of any of the proceedings of the court up to this point. Immediately upon the removal of Bartnett, as such special administrator, Caroline Colton Dahlgren, the only surviving child of deceased, filed her petition with the court in proper form, praying to be appointed special administratrix of said estate, and S. C. Rodgers, as public administrator of Santa Cruz county, filed a similar petition for his own appointment. Both petitioners were represented by attorneys. The attorney for Helen Sacher objected to the appointment of either of said petitioners, and the court refused to hear evidence on behalf of such petitions, but made an order appointing the First Federal Trust Company such special administrator. This action took place on the twenty-third day of December, 1907. On December 30, 1907, the court made and entered an order, revoking and setting aside the said order of December 23d, and on the next day, December 31st, the First Federal Trust Company presented and filed with the court its petition, praying to be appointed special administrator of said estate, and the court thereupon, on said day, and without notice, granted such petition, and made and caused to be entered on the minutes of the court an order appointing said First Federal Trust Company special administrator of said estate, under which order it has qualified, and letters of special administration have been issued to it.

The question is thus broadly presented, Has the court jurisdiction to appoint as special administrator of an estate a stranger to the estate in the face of the petition of a daughter and heir at law and devisee and legatee of decedent for her appointment as such special administratrix? We say, in the face of a petition by a daughter, for the court, upon making the first order appointing the First Federal Trust Company, on December 23d, did not in terms deny the petition of Mrs. Dahlgren, so that when the court vacated and set aside such order, there was left pending before the court the petition of Mrs. Dahlgren and the petition of Rodgers, as public admin-

istrator. This was the condition when, on the thirty-first day of December, the First Federal Trust Company presented its petition, and the court granted the same.

It is earnestly urged by petitioner in this proceeding that the court, in making its order, acted without and in excess of its jurisdiction. Unless this contention can be sustained petitioner's application must be denied, for it is well settled in this state that the writ of *certiorari* cannot be issued to correct errors, either of fact or of law, committed by the lower court within the limits of its jurisdiction. (*Sherer* v. *Superior Court,* 96 Cal. 653, [31 Pac. 565]; *Buckley* v. *Superior Court,* 96 Cal. 119, [31 Pac. 8]; *Central Pacific R. R. Co.* v. *Placer Co.,* 46 Cal. 670.)

It is not contended that under the circumstances existing on the thirty-first day of December, 1907, when the court made its order appointing the trust company special administrator, it did not have power to appoint a special administrator of the estate of Ellen M. Colton, but only that it had no jurisdiction to appoint a stranger to the estate in the face of a petition by a daughter, who was not incompetent or otherwise disqualified.

The authority to appoint a special administrator is given by section 1411 of the Code of Civil Procedure, and also, upon the resignation or removal of an administrator or executor, by section 1427 of the same code. Section 1412 of the Code of Civil Procedure provides that "The appointment may be made at any time, and without notice, and must be made by entry upon the minutes of the court, specifying the powers to be exercised by the administrator."

The following section (1413) provides that "in making the appointment of a special administrator, the court or judge must give preference to the person entitled to letters testamentary or of administration, but no appeal must be allowed from the appointment."

In the case before us the only person who could claim to be entitled to letters testamentary is Bartnett, who had resigned and been removed as special administrator. The order in which persons are entitled to letters of administration is fixed by section 1365. Under this section a surviving husband or wife, or his or her nominee, is first entitled, and children are

second, and an entire stranger to the estate is tenth in right, but any one of these may be rejected if incompetent (secs. 1368, 1369).

It is for ignoring the order of preference fixed by section 1365 of the Code of Civil Procedure, without a showing of incompetency on the part of the petitioner, that it is now claimed that the order made by the court is without or in excess of its jurisdiction.

For the purposes of this decision it may be conceded that the court committed gross error in so doing; but from this it does not necessarily follow that the court acted without or in excess of its jurisdiction. Jurisdiction is generally defined as the power to hear and determine a cause. This is the definition given by the standard law dictionaries (Bouvier and Anderson). It necessarily carries with it the power to decide a given cause or controversy within the jurisdiction of the court incorrectly as well as correctly. In *State* v. *State*, 12 Pet. (U. S.) 718, it is said: "Jurisdiction is the power to hear and determine the subject matter in controversy between the parties to the suit; to adjudicate or exercise any judicial power over them; the question is whether, in the case before a court, their action is judicial or extrajudicial; with or without authority of law to render a judgment or decree upon the rights of the litigant parties. If the law confers the power to render a judgment or decree, then the court has jurisdiction."

It was said in *People* v. *Sturtevant,* 9 N. Y. 263, [59 Am. Dec. 536]: "Jurisdiction does not relate to the rights of the parties as between each other, but to the power of the court." This language was quoted with approval in *Fisher* v. *Hepburn,* 48 N. Y. 41, and is particularly appropriate to the case at bar, where it must be conceded that the court had power to appoint a special administrator, and under certain conditions might rightfully and without error appoint either one of the applicants then before it.

In *Ex parte Watkins,* 32 U. S. 568, the rule is laid down that "The jurisdiction of the court can never depend upon its decision upon the merits of the case brought before it, but upon its right to hear and decide it at all." This lan-

guage was quoted with approval in *United States* v. *Maney,* 61 Fed. 140.

Coming now to decisions in our own state, we find the same or similar views repeatedly expressed. In *Ex parte Bennett,* 44 Cal. 84, it is said: "Jurisdiction has often been said to be the power to hear and determine. It is in truth a power to do both, or either, to hear without determining, or to determine without hearing."

"It is not the particular decision given which makes up jurisdiction, but it is the authority to decide the question at all. Otherwise the distinction between erroneous exercise of jurisdiction on the one hand, and the total want of it on the other, must be obliterated." (*Chase* v. *Christianson,* 41 Cal. 253.)

In *Buckley* v. *Superior Court,* 96 Cal. 119, [31 Pac. 8], the lower court had granted a motion to dismiss an appeal taken to it from the judgment of a justice's court. The appeal was in all respects regularly taken, and the superior court, under the law, should not have dismissed the appeal. Speaking of the action of the court in dismissing the appeal it was said: "If it had jurisdiction to hear the motion, and as to that matter there can be no question, then its ruling upon the motion was simply an exercise of that jurisdiction; and however erroneous such ruling might be, it would be only an error of law, in no manner subject to review by an original proceeding in this court. In this case the court had jurisdiction to hear the motion, and it would be an absurdity to say that upon the submission of the matter the court had jurisdiction to deny the motion to dismiss the appeal, but no jurisdiction to grant it. . . . It may be conceded that the action of the court in dismissing the appeal was entirely without support in law, and furnished ample material to justify a reversal of the order if a proper matter for review under the statute; but such may be the fact, and yet no question of excess of jurisdiction be involved."

In *Sherer* v. *Superior Court,* 96 Cal. 653, [31 Pac. 565], the superior court had erroneously stricken out an answer filed by a defendant, and entered judgment against him without any further trial, in a case appealed from a justice's court. The court, upon the application for a writ of

*certiorari,* said: "Jurisdiction is the power to hear and determine, and does not depend upon the rightfulness of the decision made. The court in this case had the power, and in the regular course of proceeding in the disposition of the case before it, was actually called upon to determine, as a matter of law, whether or not the answer of petitioner was properly filed, and whether he was legally in default in the action; and the fact that the court erred in such decision does not render its judgment void."

Each of the two last cited cases was a case where no right of appeal existed, and the petitioner was without redress as to the action of the lower court founded upon a pure error of law.

In *White* v. *Superior Court,* 110 Cal. 60, [42 Pac. 480], the court quoted with approval from *Von Roun* v. *Superior Court,* 58 Cal. 358, this language: "If the order is one which the court had power to make, it is not for us to inquire whether this power was properly exercised or not. The writ of review is not a writ of error." To the same effect is *History Company* v. *Light,* 97 Cal. 56, [31 Pac. 627].'

In *Woodward* v. *Superior Court,* 95 Cal. 272, [30 Pac. 575], upon an application for a writ of prohibition, it was said: "The court had jurisdiction of the subject matter and of the parties. It had the *power,* therefore, to hear and determine a motion for the appointment of a receiver, and its action thereon cannot be regarded as in excess of its jurisdiction." See, also, *Raine* v. *Lawlor,* 1 Cal. App. 483, [82 Pac. 688], where the above language is quoted with approval.

So in the case at bar the court had jurisdiction of the subject matter. It is not contended that it was without power to appoint a special administrator of the estate of Ellen M. Colton, deceased, under the conditions existing. It also had jurisdiction of the parties. The statute authorizes the appointment to be made at any time and without notice. When the court made the appointment there was pending before it three petitions upon behalf of three different applicants, either one of whom the court, under certain conditions, might rightfully appoint or refuse to appoint. Each petitioner was an actor asserting a claim adverse to each of the other petitioners. The court decided the controversy in favor of the

trust company and against the claim of petitioner, Mrs. Dahlgren. It may be said that the court committed a gross error of law in so doing; but the writ of *certiorari* cannot be used in this state as a writ of error. The court had jurisdiction of the subject matter, and of the parties, and the order was one that it had power to make. It therefore did not exceed its jurisdiction in making the order complained of.

We have reviewed the authorities and gone to considerable length into the question of what constitutes jurisdiction because of the case of *In re Ming,* 15 Mont. 79, [38 Pac. 228], relied on by petitioner. The decision in this case, by two of the three justices constituting the court, does support the contention of petitioner, and was based upon statutes, so far as they relate to the appointment of special administrators, in substance the same as ours. The majority of the court held that the probate judge, in appointing the public administrator in preference to the children of the decedent, acted in excess of jurisdiction, although no application had been made by the children when the petition of the public administrator was filed and his appointment made. After the appointment had been made the children petitioned to have the same vacated, and one of their number appointed. The entire argument of the court is devoted to showing that under the laws of Montana the children were entitled to preference, and the court in its opinion nowhere discusses what constitutes jurisdiction, or attempts to draw any distinction between *error of law* merely and want of *jurisdiction.*

The third member of the court, in a dissenting opinion, holds that the order was not in excess of the jurisdiction of the court.

The conclusion reached in the prevailing opinion in the Ming case does not commend itself to our judgment.

The application of petitioner must be denied and the writ discharged, and it is so ordered.

Cooper, P. J., and Kerrigan, J., concurred.