Ex parte DICKEY.

(District Court, D. Maine.    April 10, 1913.)

No. 251.

1. ARMY AND NAVY (§ 39*)—COURT-MARTIAL—CHARGES—SUFFICIENCY.
    Article 8 of the articles for the government of the navy (U. S. Comp.
St. 1901, p. 1105), under the head of offenses punishable at the discre-
tion of a court-martial, provides that such punishment as the court-mar-
tial may adjudge may be inflicted on any person of the navy who is guilty
of profane swearing, falsehood, drunkenness, gambling, fraud, theft, and
any other scandalous conduct tending to the destruction of good morals.
Held, that a charge against a chief commissary steward on board a bat-
tleship of scandalous conduct tending to the destruction of good morals,
in that on one occasion he made an affidavit confessing certain frauds
against the government in connection with supply contractors for the
government, while on another occasion he testified under oath before a
duly constituted court of inquiry, and denied the truth of his former
statement, was sufficient.
    [Ed. Note.—For other cases, see Army and Navy, Cent. Dig. § 79; Dec.
Dig. § 39.*]

2. ARMY AND NAVY (§ 49*)—JUDICIAL POWER—CIVIL AND MILITARY COURTS.
    Const. U. S. art. 1, confers on Congress the right to make rules for the
government and regulation of the land and naval forces, and article 3
gives Congress the power to create certain federal courts.    Held, that
such powers are independent of each other, and hence that determinations
of military courts-martial within their jurisdiction are not reviewable by
the civil courts.
    [Ed. Note.—For other cases, see Army and Navy, Cent. Dig. § 95; Dec.
Dig. § 49.*]

3. ARMY AND NAVY (§ 47*)—MILITARY COURT-MARTIAL—CHARGE—FORM AND
SUFFICIENCY.
    Where a charge against a person tried by a military court is within
the court's jurisdiction, and is authorized by the army or navy regula-
tions, the manner of setting out the offense is a matter of pleading,
rather than jurisdiction, the sufficiency of which is for the exclusive de-
termination of the court-martial.
    [Ed. Note.—For other cases, see Army and Navy, Cent. Dig. §§ 93–95;
Dec. Dig. § 47.*]

4. HABEAS CORPUS (§ 16*)—REVIEW OF PROCEEDINGS OF COURT-MARTIAL.
    Where a court-martial had jurisdiction to try petitioner for an offense
against the naval regulations and to impose sentence authorized thereby,
a civil court in a habeas corpus proceeding could only review the ques-
tion of jurisdiction, and could not pass on alleged errors of law commit-
ted by the court-martial or on the severity of the sentence imposed.
    [Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 16; Dec.
Dig. § 16;* Courts, Cent. Dig. § 1417.]

Petition by William W. Dickey for a writ of habeas corpus to re-
view the validity of his imprisonment under a judgment of a naval
court-martial on a charge of scandalous conduct tending to the de-
struction of good morals.    Writ denied.

Page, Bartlett & Mitchell, of Portsmouth, N. H., for petitioner.
Robert T. Whitehouse, U. S. Dist. Atty., of Portland, Me.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

HALE, District Judge. The petition of William W. Dickey shows that on the 2d day of October, 1912, he was an enlisted man in the United States navy, occupying the position of chief commissary steward on board the United States battleship Kansas; that he continued to be in such service of the United States up to December 2, 1912, when a court-martial was held on board the United States ship Louisiana; that he was tried before such court-martial for scandalous conduct tending to the destruction of good morals; that the specification under this charge set out at length a statement sworn to by the petitioner on the 13th day of November, 1912, before Commander Frederick B. Bassett, Jr., acting as commanding officer of the United States ship Utah, in which statement the petitioner swore that he had at several times, detailed therein, practiced frauds on the United States in conjunction with representatives of certain government contractors named therein, from whom supplies for the navy were purchased, and that such frauds had netted him money, amounting to about $2,000 in certain cases named in said sworn statement; that thereafterwards, on November 19, 1912, while a witness under oath before a duly constituted court of inquiry, the petitioner gave certain testimony, set out in the specification, in which he denied the truth of his previous statement, and testified that he had never at any time received any money from contractors, and that his former statement was untrue. The specification then concludes:

"And that the said William W. Dickey, chief commissary steward United States navy, did by submitting the said written statement or confession, and by testifying as above shown, make statements inconsistent the one with the other, and one of which must have been, and was, known by him to be false and misleading, and intended to deceive and defeat the ends of justice."

Upon this charge and specification the court-martial found the petitioner guilty, and sentenced him to five years at hard labor, deprivation of his pay for that time, and dishonorable discharge at the end of the five years, the same being under the provisions of article 1797 of the Navy Regulations, as changed by order of the Secretary of the Navy November 9, 1911. The petitioner is now confined pursuant to this sentence in the United States naval prison at Portsmouth Navy Yard, in Kittery, in the District of Maine. The petitioner now prays for the issuance of a writ of habeas corpus for substantially the following reasons:

1. That the charge upon which he was tried did not set out any offense cognizable by a court-martial, or known to civil or military law. 2. It was therefore in contravention of article 43 for the government and regulation of the navy, which provides that the accused should be furnished with a true copy of the charges against him, and specification of the same at the time he was put under arrest. 3. That a court-martial is a court of limited and special jurisdiction; and, unless article 43 was complied with, it had no jurisdiction to punish the petitioner. 4. That the petitioner's conviction and imprisonment is in contravention of article 6 of the amendments to the Constitution of the United States, because the specification of the charge shows that the petitioner made one statement on November 13, 1912, and a contradictory statement on November 22, 1912, without alleging which

statement was true or which was false, and that as the specification did not set up for which statement the petitioner was being tried, he has therefore never been advised of the offense for which he was convicted. 5. That the court-martial before whom the petitioner was tried did not have authority to impose the sentence imposed upon him, for certain reasons set forth relating to the punishment imposed.

[1] At the hearing before me, upon the order to show cause why the writ should not issue, the petitioner based his demand for the writ upon the ground that he had never been tried upon any clear, definite. and distinct charge, which set forth an offense known either to the. civil or military law, and that hence the court had no jurisdiction to try him and to punish him. He complains that he was charged with making a false statement, either on November 13, 1912, or November 22, 1912, that he never has been informed as to which statement was false, and that therefore the proceedings have not complied with article 43 for the government of the navy (U. S. Comp. St. 1901, p. 1117). Upon examination of the charge on which the petitioner was tried, it will be found that it did not attempt to charge the petitioner in the court-martial with "perjury," which offense is defined under article 14 of the articles for the government of the navy (U. S. Comp. St. 1901, p. 1108) as a distinct offense, namely, the making of an oath to any fact or writing, knowing such oath to be false, for the purpose of obtaining, or aiding others to obtain, the approval or allowance of any claim against the United States, or officer thereof. It is clear that the pleadings upon which the accused was tried in the court-martial alleged a lesser offense than "perjury." The offense set up was "scandalous conduct tending to the destruction of good morals." Under this charge the specification made a substantial charge of false swearing, although it did not set forth the charge with the clearness and definiteness required in a civil court. This general charge is well known in courts-martial, and authorized by article 8 of the articles for the government of the navy (U. S. Comp. St. 1901, p. 1105), which, under the head of offenses punishable at the discretion of the court-martial, provides as follows:

"Such punishment as the court-martial may adjudge may be inflicted upon any person of the navy who is guilty of profane swearing, falsehood, drunkenness, gambling, fraud, theft, and any other scandalous conduct tending to the destruction of good morals."

In Carter v. Roberts, 177 U. S. 496, 20 Sup. Ct. 713, 44 L. Ed. 861, speaking for the Supreme Court, Chief Justice Fuller says:

"The eighth section of article 1 of the Constitution provides that the Congress shall have power 'to make rules for the government and regulation of the land and naval forces,' and in the exercise of that power Congress has enacted rules for the regulation of the army known as the Articles of War, Rev. Stat. § 1342 [U. S. Comp. St. 1901, p. 944]. Every officer, before he enters the duties of his office, subscribes to these articles, and places himself within the power of courts-martial to pass on any offense which he may have committed in contravention of them. Courts-martial are lawful tribunals, with authority to finally determine any case over which they have jurisdiction; and their proceedings, when confirmed as provided, are not open to review by the civil tribunals. except for the purpose of ascertaining whether the military court had jurisdiction of the person and subject-matter, and wheth-

er, though having such jurisdiction, it had exceeded its powers in the sentence pronounced."

In Swaim v. United States, 165 U. S. 553, 562, 566, 17 Sup. Ct. 448, 451, 453 (41 L. Ed. 823) Judge Shiras declares the doctrine of the court on this subject:

"Under every system of military law for the government of either land or naval forces, the jurisdiction of courts-martial extends to the trial and punishment of acts of military or naval officers which tend to bring disgrace and reproach upon the service of which they are members, whether those acts are done in the performance of military duties, or in a civil position, or in a social relation, or in private business. Smith v. Whitney, 116 U. S. 178 [6 Sup. Ct. 570, 29 L. Ed. 601]. * * * As we have reached the conclusion that the court-martial in question was duly convened and organized, and that the questions decided were within its lawful scope of action, it would be out of place for us to express any opinion on the propriety of the action of that court in its proceedings and sentence. If, indeed, as has been strenuously urged, the appellant was harshly dealt with, and a sentence of undue severity was finally imposed, the remedy must be found elsewhere than in the courts of law."

[2] The decisions of the Supreme Court in reference to the power of military tribunals is founded upon the doctrine that the third article of the Constitution has conferred upon Congress the power to create certain federal courts; that another power is conferred upon Congress in the first article of the Constitution, namely, to make rules for the government and regulation of the land and naval forces. These powers are independent of each other. They are derived from different articles of the Constitution. When courts organized under these respective powers are proceeding within the limits of their jurisdiction, it is clear that they must be held free from any interference.

[3, 4] It has been repeatedly held, where the charge against a person, tried in a military court, is within the jurisdiction of the court, and is authorized by army or navy regulations, that the matter of setting out the offense is a matter of pleading rather than of jurisdiction; that it is for the court having such jurisdiction to decide upon the validity of the pleadings necessary to bring that charge before the court; that the only question before the civil court is whether or not the military court had the right to try and determine the cause; that the jurisdiction of the trial court cannot depend upon its decision on the merits of the cause, but upon the court's right to hear and decide it; that where a military or naval tribunal has the right to try the cause, even though a civil court had the concurrent right, the civil court cannot enter upon the consideration of the evidence adduced before the court-martial, or of the question whether the accused was guilty of the offense over which the military court has jurisdiction; that if the military court had jurisdiction to impose sentence authorized by the regulations of the army or navy, the civil court cannot pass upon the severity of such sentence; that errors in law, however numerous, committed by the trial court in a cause within its jurisdiction, can be reviewed only by appeal or writ of error in the court exercising supervisory jurisdiction; that it is only where the trial court is without the jurisdiction of the person or the cause, and the party is subjected to illegal imprisonment, that a writ of habeas corpus may be invoked,

and the party discharged from imprisonment. Civil courts are not courts of error to review the proceedings and sentence of a court-martial, where such court-martial has jurisdiction of the offense and of the person of the accused, has complied with the statutory requirements governing the proceedings of the court, and acts within the scope of its lawful powers. Mullan v. United States, 212 U. S. 516, 29 Sup. Ct. 330, 53 L. Ed. 632; Swaim v. United States, 165 U. S. 553, 566, 17 Sup. Ct. 448, 41 L. Ed. 823; Carter v. McClaughry, 183 U. S. 365, 22 Sup. Ct. 181, 46 L. Ed. 236; United States v. Maney (C. C.) 61 Fed. 140; Ex parte Watkins, 7 Pet. 572, 8 L. Ed. 786; Ex parte Ulrich (C. C.) 43 Fed. 661.

In reference to the punishment of scandalous conduct tending to the destruction of good morals, it will be found that by the amendment of November 9, 1911, to the regulations for the government of the navy of the United States, it was provided that the limitation of the punishment for this offense in the case of an enlisted man should be confinement for 15 years and dishonorable discharge.

The case before me shows that the court-martial under which the petitioner was tried was properly constituted; that the charge and specification were in due form, and authorized under the regulations for the government of the navy; that the trial court had jurisdiction of the case, and of the subject-matter of the charge, and acted within the scope of its lawful authority; that it also acted within its authority in imposing sentence; that such sentence was duly approved by the commander in chief of the Atlantic fleet, by whom the court was convened; that it was also approved by the Secretary of the Navy, the final reviewing authority provided by law to act upon records of courts-martial, in cases which do not extend to the loss of life, or to the dismissal of a commissioned or warrant officer; that the sentence, therefore, cannot be revised by the civil courts.

I am of the opinion that I have no power to review the proceedings of the court-martial, or to set aside its conclusions, or annul the sentence imposed by it. If the petitioner was harshly dealt with, and a sentence of undue severity was imposed, such sentence seems to have been within the powers of the court-martial; and it is held by the Supreme Court of the United States that the remedy must be found elsewhere than in courts of law.

The petition for writ of habeas corpus is dismissed.