## In re WAIDMAN.

## In re BERGEVIN.

### Nos. 1200, 1201.

District Court, D. Maine, S. D.
July 11, 1930.

Harold J. Smith, of Boston, Mass., for petitioners.

William B. Nulty, Asst. U. S. Atty., of Portland, Me., for the United States.

PETERS, District Judge.

Two petitions for writs of habeas corpus involving the same circumstances, raising the same points and heard together.

The petitioners are seamen in the Navy now confined at the naval prison at Kittery on the sentence of a court-martial after conviction of "scandalous conduct tending to the destruction of good morals," an offense for which the court is authorized by the Articles for the Government of the Navy, article 8, to inflict such punishment as it may adjudge. In each case the specification was rape, occurring in the vicinity of New London, Conn., and the sentence being served is imprisonment in the case of Waidman, who pleaded guilty, for fifteen years, and in the case of Bergevin, who was found guilty after trial, for twenty years.

The petitioners attack the propriety and legality of the proceedings which resulted in their incarceration, alleging as a fundamental reason for their claim that the Navy court-martial had no jurisdiction, the fact that they were held to answer for an infamous crime without an indictment by a grand jury, as provided in the Fifth Amendment, and that they were not tried by a jury of the district where the crime was committed, as provided in the Sixth Amendment.

■ It has several times been stated by the Supreme Court that in such cases the function of this civil court is limited to ascertaining whether the court-martial had jurisdiction of the person and subject-matter, and whether, having such jurisdiction, it had exceeded its powers in the sentence pronounced. Also that questions of procedure are for the court-martial and its reviewing authorities exclusively.

"The 8th section of art. 1 of the Constitution provides that the Congress shall have power 'to make rules for the government and regulation of the land and naval forces,' and in the exercise of that power Congress enacted rules for the regulation of the army known as the Articles of War. Rev. Stat. § 1342." (In this case Articles for the Government of the Navy.) "Courts martial are lawful tribunals, with authority to finally determine any case over which they have jurisdiction, and their proceedings, when confirmed as provided, are not open to review

by the civil tribunals, except for the purpose of ascertaining whether the military court had jurisdiction of the person and subject-matter, and whether, though having such jurisdiction, it had exceeded its powers in the sentence pronounced." Carter v. Roberts, 177 U. S. 496, 20 S. Ct. 713, 44 L. Ed. 861.

In Swaim v. U. S., 165 U. S. 553, 17 S. Ct. 448, 451, 41 L. Ed. 823, objections were made to the action of the court-martial in respect of its organization, performance of its duty, receiving and refusing evidence, and so forth, but the court said:

"It was the opinion of the court of claims that the errors so assigned could not be reviewed collaterally, and that they did not affect the legality of the sentence; and in so holding, we think, that court followed the authorities. Such questions were merely those of procedure, and the court-martial having jurisdiction of the person accused and of the offense charged, and having acted within the scope of its lawful powers, its proceedings and sentence cannot be reviewed or set aside by the civil courts." Dynes v. Hoover, 20 How. 65, 15 L. Ed. 838; Ex parte Reed, 100 U. S. 13, 25 L. Ed. 538; Smith v. Whitney, 116 U. S. 167, 6 S. Ct. 570, 29 L. Ed. 601; Johnson v. Sayre, 158 U. S. 109, 15 S. Ct. 773, 39 L. Ed. 914; Ex parte Dickey (D. C.) 204 F. 322.

■ The Constitution gives Congress the power to provide and maintain a Navy and to make rules and regulations for the government of it. The power to make rules for the government of the Navy is a power to provide for trial and punishment by military courts without a jury. Chief Justice Chase in the Milligan Case (Ex parte Milligan, 4 Wall. 2, 18 L. Ed. 281) says that it has been so understood and exercised from the adoption of the Constitution. Neither the Fifth nor any other Amendment abridges this power. The provision in the Fifth Amendment that "no person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury," carries an express exception of "cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger," and it has been many times held that this exception applies to other Amendments as well as to the Fifth. The right of trial by jury guaranteed by the Sixth Amendment is limited to persons who were subject to indictment under the Fifth, which does not apply to cases arising in the land and naval forces. Persons

who enter either service surrender the right to be tried by the civil courts. See Ex parte Milligan, supra.

It appears that the petitioners were regularly in the naval service, that their offenses were cognizable by the court-martial and the sentences not beyond its power to impose. The jurisdiction of the Navy court-martial cannot be successfully questioned. .

All the grounds of complaint by the petitioners are either jurisdictional or relating to procedure. It has been shown that this court has nothing to do with the procedure of the court-martial. It might, however, be proper to add that no evidence was produced before me to substantiate the charges of impropriety in the conduct of the trial. On the other hand, the record shows a careful regard for the rights of the accused in the details of the trial, and scrupulous exactitude in following the Navy regulations on the part of the trial board.

The petitions are denied.