[Civ. No. 7884. First Appellate District, Division One.—March 19, 1931.]

ROBERT L. DALLAS, Petitioner, v. LINCOLN S. CHURCH, as Judge, etc., Respondent.

H. H. McPike for Petitioner.

E. J. Talbott and W. H. Metson for Respondent.

THE COURT.—Petition for writ of prohibition.

It appears therefrom that Mary Hickman died on March 3, 1930. Thereafter an instrument in writing, purporting to be her last will and testament was filed by A. B. Costigan, one of the executors thereof. Costigan subsequently applied to be appointed special administrator of said estate. One Robert L. Dallas filed his answer to said petition and prayed that the petition be denied and that special letters upon said estate be issued to him. In his answer Dallas alleged that he was an heir at law of the deceased. Further answering, he alleged that the instrument filed by Costigan as the last will and testament was not her last will, as the testatrix by an instrument in writing other than a will, but executed with all the formalities thereof, which instrument was entirely written, dated and signed in the handwriting of Mary Hickman, revoked all wills made by her. This revo-

cation was executed subsequent to the making of the will in question. It is alleged in the petition that the court, after a hearing, has expressed the opinion that the petition of the executor to be appointed special administrator should be granted. The filing of the instant petition followed. ■ The court has, beyond question, jurisdiction to hear and determine the application in question. Having jurisdiction it has the power to decide it correctly or incorrectly. (*Dahlgren* v. *Superior Court*, 8 Cal. App. 622 [97 Pac. 681].)

The petition is denied.