**SCHITA v. COX, Warden.**
No. 12682.

Circuit Court of Appeals, Eighth Circuit.

Jan. 21, 1944.

Appellant pro se.

Otto Schmid, Asst. U.S. Atty., of Kansas City Mo. (Maurice M. Milligan, U.S. Atty., of Kansas City, Mo., on the brief), for appellee.

Before THOMAS and JOHNSEN, Circuit Judges, and MOORE, District Judge.

MOORE, District Judge.

This appeal is sought to review an order of the United States District Court for the Western District of Missouri, dismissing a writ of habeas corpus. The petitioner, suing in forma pauperis, is a prisoner serving a life term pursuant to a sentence of a general court martial of the United States Army rendered during the first World War. Although counsel was appointed by the Court below, the arguments presented in the case have been of the appellant's own devising. The able counsel who was appointed argued the case in the District Court, but on appeal the case was submitted on briefs over petitioner's own signature.

The petitioner was born a Zulu, became successively a member of the Native Constabulary of South Africa, the Canadian Army and finally of the United States Army. At the time of the events with which we are concerned, shortly after this country's entrance into the first World War, he was a sergeant in the United States Army, stationed at Camp Merritt, New Jersey, where his post of duty was that of Provost Sergeant. As such, he was in charge of soldiers of his unit who were confined to barracks for disciplinary reasons. On or about November 25, 1917, petitioner shot and killed one of the men in his custody. The same bullet which killed the soldier continued in motion with sufficient velocity to wound a second. Petitioner was arrested and a charge embracing violations of the 92nd and 93rd Articles of War in force at that time (murder and felonious assault) was sworn out against him. Petitioner was then transferred to Fort Jay, on Governors Island, New York, where a general court-martial of ten officers was convened, and petitioner was tried on the charges detailed above. He was found guilty on all counts and sentenced to be dishonorably discharged, to forfeit all pay and allowances and to be imprisoned for life at hard labor.

Petitioner charges irregularities in the military court proceedings which are of a grave nature and, although the rule has been often stated that the proceedings and judgment of a military tribunal, properly constituted and having jurisdiction,

will not be reviewed by a civilian court (Kurtz v. Moffitt, 115 U.S. 487, 6 S.Ct. 148, 29 L.Ed. 458; Wise v. Withers, 3 Cranch 331, 2 L.Ed. 457; Mullan v. United States, 212 U.S. 516, 29 S.Ct. 330, 53 L.Ed. 632; McClaughry v. Deming, 186 U.S. 49, 22 S.Ct. 786, 46 L.Ed. 1049; Carter v. Roberts, 177 U.S. 496, 20 S.Ct. 713, 44 L.Ed. 861; Carter v. McClaughry, 183 U.S. 365, 22 S.Ct. 181, 46 L.Ed. 236; Johnson v. Sayre, 158 U.S. 109, 15 S.Ct. 773, 39 L.Ed. 914), nevertheless we were of the opinion on first hearing this appeal that if such irregularities as alleged actually existed, constitutional points would be raised which would justify our interference. There is no question but that petitioner was subject to military law or that the crimes charged were triable before a military court. Furthermore, the record shows that a review of the proceedings was made by the Board of Review of the Office of the Judge Advocate General of the United States Army. No other review or appeal is provided by law (Carter v. Roberts, 177 U.S. 496, 20 S.Ct. 713, 44 L.Ed. 861; Carter v. McClaughry, 183 U.S. 365, 22 S.Ct. 181, 46 L.Ed. 236; Swaim v. United States, 165 U.S. 553, 17 S.Ct. 448, 41 L.Ed. 823; Smith v. Whitney, 116 U.S. 167, 6 S.Ct. 570, 29 L.Ed. 601. Dynes v. Hoover, 20 How. (U.S.) 65, 15 L.Ed. 838), and the proceedings cannot be attacked here for mere error or irregularities, Ex parte Reed, 100 U.S. 13, 23, 25 L.Ed. 538.

Petitioner asserts that he was denied a fair and impartial trial by the court-martial in that (a) he was denied the right of representation by counsel of his own choosing; (b) his only representation was by a civilian lawyer who was a friend of the prosecutor and who conferred with petitioner for only ten minutes just before the trial and joked with the prosecutor during the trial; (c) he was denied the right to have compulsory process on witnesses in his behalf; (d) some sessions of the Court were held at which petitioner was not present and witnesses were allowed to testify at such sessions; (e) petitioner was arbitrarily transferred from Camp Merritt, New Jersey, where the crime occurred, to Fort Jay, New York, for trial; (f) witnesses against him were not sworn; (g) petitioner's witnesses were intimidated and prevented from testifying; (h) he was convicted of a felonious assault as well as homicide although charged with the latter crime only; (i) he has been denied the right of appeal.

This matter is now before us for the second time. Our opinion on the first appeal is reported in Schita v. King, 8 Cir., 133 F.2d 283. On that occasion the District Court had ruled unfavorably to petitioner, and this court remanded the matter for a new trial, principally for the reason that the allegations contained in the petition for habeas corpus would, if uncontroverted, indicate a failure of due process and want of jurisdiction in the court-martial proceedings, see our former opinion 133 F.2d loc.cit. 287. The petitioner testified in his own behalf in support of such allegations while the Government rested its case with introduction of the record of the court-martial. We, therefore, held that since the judgment of a court-martial does not carry the presumption of validity enjoyed by that of a civil court of general jurisdiction so as to be proof against collateral attack (Ver Mehren v. Sirmyer, 8 Cir., 36 F.2d 876; Runkle v. United States, 122 U.S. 543, 7 S.Ct. 1141, 30 L.Ed. 1167; McClaughry v. Deming, 186 U.S. 49, 22 S.Ct. 786, 46 L.Ed. 1049; Collins v. McDonald, 258 U.S. 416, 42 S.Ct. 326, 66 L.Ed. 692), it was error for the District Court to rule against petitioner on the record so constituted.

Upon re-trying the issues in the court below, the Government submitted the record of the court-martial in evidence as was done at the first trial, and offered in addition the transcript of the entire court-martial proceedings. Petitioner gave evidence in his own behalf to the same effect as at the first hearing, its purport being such as to strongly support the allegations of his petition. The trial court thereupon made findings of fact to the effect that the court-martial regularly convened for trial, that the petitioner appeared with his chosen counsel and announced ready for trial, and expressed satisfaction with the make-up of the court. The findings further state that the trial was regular in every particular; that the court, its officers and all witnesses were duly sworn; and that petitioner's counsel amply protected his rights and cross-examined witnesses for the prosecution; the evidence was ample to support the findings and sentence of the court-martial and no complaints were made by petitioner during the course of the trial. The District Court concluded that the court-martial was lawfully constituted and

had jurisdiction of the subject matter and of the petitioner and there were no irregularities in the proceedings which would vitiate the findings, judgment and sentence.

We, in turn, are now constrained to rule that since the District Court had before it the transcript as well as the record of the court-martial, there was evidence to support the District Court's findings of fact so that they ought not be disturbed (Alabama Power Co. v. Ickes, 302 U.S. 464, 58 S.Ct. 300, 82 L.Ed. 374; Borden's Farm v. Ten Eyck, 297 U.S. 251, 56 S.Ct. 453, 84 L.Ed. 669; Louisville & N. Ry. Co. v. United States, 238 U.S. 1, 35 S.Ct. 696, 59 L.Ed. 1177; Grouf v. State Natl. Bank, 8 Cir., 40 F.2d 2), and the conclusions of law stated by the Court are without error. It is now apparent that the petitioner was represented by the late Martin W. Littleton of New York, at that time a lawyer of national reputation, and the record shows that petitioner introduced Mr. Littleton to the court-martial as the attorney of his choice. We cannot believe on the mere uncorroborated testimony of petitioner that Mr. Littleton's conduct of the case was in any way prejudicial to his client or that a lawyer of his recognized ability would have failed to let the record show the complained of irregularities if they had occurred. The transcript and record of the court-martial proceedings substantiates their regularity in every respect of which petitioner alleges irregularity.

The order of the lower court dismissing the writ of habeas corpus is affirmed.