## UNITED STATES v. BELL.
### Cr. No. 2764.

District Court, Alaska.
Third Division, Anchorage.
Dec. 19, 1952.

Seaborn J. Buckalew, U. S. Atty., Anchorage, Alaska, for plaintiff.

George B. Grigsby, William H. Olsen, Edward V. Davis and William H. Sanders, all of Anchorage, Alaska, for defendant.

DIMOND, District Judge.

The charging part of the indictment in this case reads as follows:

"That on or about the 17th day of March, 1952, Bailey E. Bell, Attorney at Law, did corruptly influence, obstruct, and impede the due administration of justice by having one Ted Donner write a letter exonerating one Wally Scarbrough and Jack Gunzelman, knowing Ted Donner was a government witness and knowing further that Ted Donner was testifying in the case of United States of America, plaintiff, vs. Jack Robert Gunzelman and Wallace Scarbrough; that on or about the 5th day of August, 1952, and several times thereafter, Bailey E. Bell did present the letter to Judge Folta the trial judge sitting as Federal District Judge at Anchorage, Alaska, for the purpose of having the case dismissed."

The indictment is founded upon the provisions of Title 18, Section 1503, U.S.C., the applicable portions of which are:

"Whoever corruptly, * * * endeavors to influence, intimidate, or impede any witness, in any court of the United States * * * or corruptly * * * influence, obstruct, or impede, the due administration of justice, shall be fined not more than $5,000 or imprisoned not more than five years, or both."

The defendant has filed a motion to dismiss the indictment "for the reason and on the ground that the indictment does not state facts sufficient to constitute an offense against the United States".

In the hearing on that motion counsel for the defendant confined their arguments to the objection that the District Court for the District of Alaska is not a "court of the United States", and that, therefore, this Court is without jurisdiction to try, hear or determine whatever issue may be presented by the indictment.

Research has failed to reveal any statute of local application, or any offense known to the common law, identical with or even markedly similar to the provisions of Section 1503. The Section is apparently derived from Sections 5399 and 5404 of the Revised Statutes of the United States, there embraced in a chapter entitled "Crimes Against Justice". Section 1503 is set forth in the United States Code in Title 18, Chapter 73, entitled "Obstruction of Justice". In enacting the criminal code for Alaska, Congress did not denounce as one of the crimes included therein any acts which are so condemned in Section 1503. Accordingly, if prosecution for the acts complained of cannot be had in this Court under Section 1503, it cannot be had at all.

Whether the District Court for the District of Alaska is a "court of the United States" has heretofore been the subject of discussion and litigation in this and other courts and the term is now itself defined in Title 28, Section 451, U.S.C. as follows:

"The term 'court of the United States' includes the Supreme Court of the United States, courts of appeals, district courts constituted by chapter 5 of this title, including the district courts of the United States for the districts of Hawaii and Puerto Rico, the Court of Claims, the Court of Customs and Patent Appeals, the Customs Court and any court created by Act of Congress the judges of which are entitled to hold office during good behavior."

Whatever may be lacking in the controlling force of the expressio unius maxim as applied to the above-quoted definition, is amply supplied by judicial decision, commencing with McAllister v. United States, 1891, 141 U.S. 174, 175, 11 S.Ct. 949, 35 L.Ed. 693, and including, among others, a case in this Court, United States v. Barbeau, 1950, 92 F.Supp. 449.

Neither legislative definition nor judicial decision has been brought to the attention of this Court wherein it is said or held that the District Court for the District of Alaska is a "court of the United States".

Other points raised by the motion were not argued and have not been considered. No decision thereon is necessary.

For the reason only that this Court is not a "court of the United States" the indictment must be dismissed, and the defendant's bail exonerated.