UNITED STATES

v.

**Airman First Class Thomas R. HARRIGAN, Jr., FR 024–36–8792 48th Security Police Squadron United States Air Forces in Europe.**

**ACM S24251.**

U. S. Air Force Court of Military Review.

19 Sept. 1975.

Appellate counsel for the Accused: Colonel Jerry E. Conner and Captain George L. Squires, USAFR.

Appellate counsel for the United States: Colonel C. F. Bennett and Captain Alvin E. Schlechter.

DECISION

HERMAN, Judge:

Tried before a special court-martial composed of members, the accused was convicted, contrary to his pleas, of one offense each of larceny, assault upon a person in the execution of Air Force security police duties, and disrespect to a superior commissioned officer, and two offenses of communicating a threat, in violation of Articles 121, 128, 89 and 134, respectively, of the Uniform Code of Military Justice, 10 U.S.C. §§ 921, 928, 889, 934. The approved sentence consists of a bad conduct discharge, confinement at hard labor for four months, forfeiture of $200.00 per month for four months, and reduction to airman basic.

Appellate defense counsel have invited our attention to five errors asserted by the accused in his request for appellate representation. The majority of these have been satisfactorily discussed in the post-trial review of the staff judge advocate and correctly resolved against the accused, or are without merit. Warranting our discussion is the assertion of prejudicial error as a result of the military judge's instruction, and a finding made consistent therewith by exception and substitution by the members of the court, with respect to Specification 2 of Charge II. In that specification, the accused was alleged to have communicated to Sergeant Huey a threat to cut his throat. The court found that the threat had been made to kill Sergeant Huey, but that it had been communicated to Airman Gilbert, who was assisting in getting the accused into a security police vehicle. The appellant contends that the military judge's instruction permitting the exception and substitution of the name of the person to whom the threat was communicated permitted a substantial change in the specification, against which the accused did not defend himself. We do not agree.

Paragraph 74*b*(2), Manual for Courts-Martial, 1969 (Rev.), contains guidance for exceptions and substitutions relating to findings:

One or more words or figures may be excepted and, when necessary, others substituted, provided the facts as so found constitute an offense by the accused which is punishable by the court and provided such an action does not change the nature or identity of any offense charged in the specification or increase the amount of punishment that might be imposed for any such offense.

■ The offense of communication of a threat may be committed by making the wrongful statement to the person threatened or to a third person. Manual for Courts-Martial, supra, paragraph 213*f*(10); *United States v. Gilluly*, 13 U.S.C.M.A. 458, 32 C.M.R. 458 (1963); *United States v. Rutherford*, 4 U.S.C.M.A. 461, 16 C.M.R. 35 (1954). The offense is complete when "the avowed determination to injure another is announced." *United States v. Gilluly*, supra; *United States v. Holiday*, 4 U.S.C.M.A. 454, 16 C.M.R. 28 (1954). There is "no necessity for establishing, as an essential element of the offense, that the accused communicated this determination directly to the person threatened." *United States v. Rutherford*, supra.

The offense of communicating a threat is not rendered more or less serious as a result of the threat being made directly or to a third person. The maximum punishment is the same in both cases, they are both punishable under the same article of the Uniform Code of Military Justice, and both are penalized in order to prevent outbreaks of violence in the military community and the actual infliction of the threatened injury. *United States v. Holiday*; *United States v. Rutherford*, both supra.

■ Since the gist of the offense of a communication of a threat is the verbalizing of the threat, and is not dependent upon the personality of the individual to whom it is made, we do not find that the exception and substitution made in this case changed the nature or the identity of the offense. Compare *United States v. McMullen*, 21 U.S.C.M.A. 465, 45 C.M.R. 239 (1972); *United States v. Gaydas*, 13 C.M.R. 549 (N.B.R. 1953).

 We recognize that a variance between the proof and pleadings may be fatal where such variance operates to the substantial prejudice of the accused. *United States v. Hopf*, 1 U.S.C.M.A. 584, 5 C.M.R. 12 (1952). The dual test for prejudice, established by the United States Court of Military Appeals in *Hopf*, is: (1) has the accused been misled to the extent that he has been unable adequately to prepare for trial, and (2) is the accused fully protected against another prosecution for the same offense? There is manifestly no danger of further prosecution of this or a similar offense, as it consists of one threat under a single set of circumstances at a given time and place. Examining this specification and evidence under the first aspect of the test, we find that the accused could not have been misled by the allegation that the threat was communicated to a person different from that which the proof indicated. Sergeant Huey, the threatened individual, Airman Gilbert, who heard the threat made, and the accused were in close proximity at the time of the threat. Counsel did not allege surprise at trial, nor is there any indication that the defense would have been conducted in any manner different from that pursued. There was no request for postponement by the defense; on the contrary, an examination of the record reveals that counsel was well prepared for the witness Gilbert and conducted an exhaustive cross-examination. See the excellent discussion in *United States v. Choleva*, 33 C.M.R. 599, at 604–605 (N.B.R.1962).

Accordingly, the findings of guilty and the sentence are

Affirmed.

ROBERTS, Senior Judge, and FORAY, Judge, concur.