**UNITED STATES of America**

v.

**James Edward REGINA.**

**Crim. A. No. N–80–0402.**

United States District Court,
D. Maryland.

Dec. 30, 1980.

Russell T. Baker, Jr., U. S. Atty., D. Maryland, Herbert Better, First Asst. U. S. Atty. and Richard E. Dunne, III, Asst. U. S. Atty., Baltimore, Md., for plaintiff.

Fred Warren Bennett, Federal Public Defender, D. Maryland and Paul W. Spence and Norman E. Johnson, Jr., Asst. Federal Public Defenders, D. Maryland, Baltimore, Md., for defendant.

NORTHROP, Chief Judge.

The defendant, James Edward Regina, has been charged in a two-count indictment filed in this Court on November 5, 1980. In Count One, defendant is charged with mailing a threatening communication with the intent to extort money in violation of 18 U.S.C. § 876. Count Two charges defendant with obstruction of justice in violation of 18 U.S.C. § 1503.

With regard to the second count of the indictment, the Government alleges that, between October 3 and 7, 1980, and in exchange for the payment of $2,000 by Congressman Robert E. Bauman, defendant offered to testify falsely under oath at any trial in the case pending against Congressman Bauman in the Superior Court of the District of Columbia. Appearing in that court on October 3, 1980, Congressman Bauman was treated as a first offender and was allowed to enter a pretrial diversion program. The Government agreed that, upon completion of the six-month program, a *nolle prosequi* would be entered on April 3, 1981.

Presently before the Court is defendant's motion to dismiss count two of the indictment. Defendant's motion is based on two grounds. First, defendant contends that the Superior Court of the District of Columbia is not a "court of the United States" for the purposes of 18 U.S.C. § 1503. Second, defendant argues that, because the Government agreed to enter a *nolle prosequi* upon the completion of the diversion program the defendant was not a potential witness in the case pending against Congressman Bauman.

The Court will address defendant's arguments in reverse order.

Defendant contends that Congressman Bauman's case before the Superior Court of the District of Columbia was not pending when defendant offered to testify falsely, and as a result, defendant was not a prospective witness. The Court is not persuaded by this argument.

■ Count Two of the indictment alleges in relevant part that "at all times pertinent to this count of the indictment, there was pending in the Superior Court for the District of Columbia, a criminal case entitled *United States v. Robert E. Bauman*, Case No. M 10578–80." It is well settled that in ruling on a motion to dismiss an indictment, a court must accept all well-pleaded facts as true. *See United States v. South Fla. Asphalt Co.*, 329 F.2d 860, 865 (5th Cir.), *cert. denied*, 379 U.S. 880, 85 S.Ct. 149, 13 L.Ed.2d 87 (1964); *United States v. American Oil Co.*, 286 F.Supp. 742, 746–47 (D.N.J.1968). Whether an action was pending against Congressman Bauman at the time the offer to testify falsely was made is a question of fact. Questions of fact should be resolved at trial, and not on a motion to dismiss. *See United States v. Knox*, 396 U.S. 77, 83 n.7, 90 S.Ct. 363, 367 n.7, 24 L.Ed.2d 275 (1969); *Universal Milk Bottle Serv., Inc. v. United States*, 188 F.2d 959, 962 (6th Cir. 1951). Consequently, defendant's motion to dismiss cannot be granted on this basis.

■ As an alternative argument, defendant asserts that Count Two of the indictment must be dismissed because the Superior Court of the District of Columbia is not a "court of the United States" within the meaning of 18 U.S.C. § 1503.

Pursuant to Article I of the Constitution, Congress passed the District of Columbia Court Reform and Criminal Procedure Act of 1970, Pub.L.No.91–358, 84 Stat. 473 (1970), creating the Superior Court of the District of Columbia and the District of Columbia Court of Appeals. As the Committee on the District of Columbia stated:

This title makes clear ... that the District of Columbia Courts (the District of Columbia Court of Appeals and the Superior Court of the District of Columbia) are Article I courts, created pursuant to Art. I, section 8, clause 17 of the United States Constitution, and not Article III courts.

H.R.Rep.No.907, 91st Cong., 2d Sess. 44 (1970). With this act, Congress created two separate court systems in the District of Columbia: the federal courts which include the United States Court of Appeals for the

District of Columbia Circuit and the United States District Court for the District of Columbia, and the local courts consisting of the District of Columbia Court of Appeals and the Superior Court of the District of Columbia. The Supreme Court described the newly established local court system as "essentially similar to those of the local courts found in the 50 States of the Union with responsibility for trying and deciding those distinctively local controversies that arise under local law, including local criminal laws having little, if any, impact beyond the local jurisdiction." *Palmore v. United States*, 411 U.S. 389, 409, 93 S.Ct. 1670, 1682, 36 L.Ed.2d 342 (1973) (citing S.Rep. No.405, 91st Cong., 2d Sess. 1–3, 5, 18; H.R. Rep.No.907, 91st Cong., 2d Sess. 23–24. 33).

The question presently before this Court is whether the Superior Court of the District of Columbia, a local court created pursuant to Article I of the Constitution, is a "court of the United States" for the purposes of 18 U.S.C. § 1503. This Court believes that it is not.

In *United States v. George*, 625 F.2d 1081 (3d Cir. 1980), the United States Court of Appeals for the Third Circuit addressed an issue very similar to that currently before this Court. In *George*, the defendant had been convicted under 18 U.S.C. § 1503 for obstructing justice in the District Court of the Virgin Islands. On appeal, the Third Circuit reversed defendant's conviction, holding that the District Court of the Virgin Islands, an Article I court, is not a "court of the United States" within the meaning of 18 U.S.C. § 1503. *Id.* at 1089.

The Third Circuit explained that the term "court of the United States" as used in 18 U.S.C. § 1503 does not refer "to the jurisdiction or powers of the court but rather to its nature as an institution, the classification, federal, state or territorial, into which it falls." *Id.* Concluding that the District Court of the Virgin Islands fell into the territorial rather than the federal classification, the *George* court held that it was not a "court of the United States."

In making its determination, the Third Circuit relied on the decision of the District Court of the Territory of Alaska in *United States v. Bell*, 108 F.Supp. 777 (D.C.Alaska 1952). In *Bell*, Judge Dimond concluded that the District Court of the Territory of Alaska was not a "court of the United States" within the meaning of 18 U.S.C. § 1503. *Id.* at 778.

Like the District Court of the Virgin Islands, the Superior Court of the District of Columbia is not an Article III court, but rather is a court created by Congress pursuant to its powers under Article I of the Constitution. In addition, like the District Court of the Virgin Islands, the Superior Court of the District of Columbia cannot be classified as a federal court. As previously discussed, the Superior Court of the District of Columbia and the District of Columbia Court of Appeals are local courts with jurisdiction equivalent to that of state courts. Following the opinion of the Third Circuit in *George*, therefore, this Court believes that the Superior Court of the District of Columbia is not a "court of the United States" for the purposes of 18 U.S.C. § 1503.

Moreover, considering the Superior Court of the District of Columbia a "court of the United States" within the meaning of 18 U.S.C. § 1503 could lead to undesirable results. For example, a defendant who intimidates a witness when before that court on a misdemeanor charge, could subsequently be prosecuted under 18 U.S.C. § 1503 in federal court. Federal courts could thus become forums for resolving purely local matters, not a salubrious situation for these already overburdened tribunals. This Court does not believe that such was the intention of Congress.

In holding that the Superior Court of the District of Columbia is not a "court of the United States" for purposes of 18 U.S.C. § 1503, this Court does not leave the local courts of the District of Columbia unprotected. Section 22–703 of the D.C.Code makes it a crime to obstruct justice in the District of Columbia courts.

For the aforegoing reasons, which were stated by the Court at the conclusion of the hearing on December 16, 1980, defendant's

motion to dismiss Count Two of the indictment is granted.