UNITED STATES of America, Plaintiff,

v.

Johnny E. FORD, Defendant.

UNITED STATES of America, Plaintiff,

v.

Gary RODRIGUEZ, Defendant.

Crim. No. 86–32 & 86–105.

United States District Court,
D. South Carolina,
Columbia Div.

Aug. 18, 1986.

Eric Ruschky, Asst. U.S. Atty., Columbia, S.C., for U.S.

John Hare, Public Defender, Columbia, S.C., for Ford.

Lionel S. Lofton, Charleston, S.C., for Rodriguez.

ORDER

HAMILTON, District Judge.

In Count 2 of separate indictments, Criminal Numbers 86–32 and 86–105, respectively, Johnny E. Ford and Gary Rodriguez were charged with violating 18 U.S.C. §§ 1512(a) and 2 by knowingly attempting to and using intimidation to influence the testimony of Claude Clifton Gordon in certain court-martial proceedings at the Charleston, South Carolina Naval Base. The indictments also charged that the defendants further violated these statutes by attempting to and using intimidation to induce Claude Clifton Gordon to withhold testimony from the same court-martial proceedings.

The matter is now before the court on defendant Ford's motion, in which defendant Rodriguez has joined, to dismiss Count 2 of both of the indictments.[1] The defend-

1. In Count 1 of both two-count indictments, the defendants were charged with violating 18 U.S.C. §§ 876, 3237(a) and 2 by knowingly causing a letter containing a threat to injure C. Gordon to be deposited with and delivered by the Postal Service. Subsequent to the dismissal

of Count 2 of both indictments, the cases came on for trial as to Count 1 of the indictments. On July 17, 1986, Johnny E. Ford was found guilty, and on July 21, 1986, Gary Rodriguez was found not guilty, as to Count 1 of each of

ants base their motion on the assertion that Count 2 of the indictments does not charge an offense under 18 U.S.C. § 1512(a) because a court-martial is not an "official proceeding" within the meaning of § 1512(a), as that term is defined in 18 U.S.C. § 1515. For the reasons stated below, the court is constrained to grant the defendants' motion.

18 U.S.C. § 1515 provides in pertinent part as follows:

> As used in sections 1512 and 1513 of this title and in this section—
>
> (1) the term "official proceeding" means—
>
> (A) a proceeding before a judge or court of the United States, a United States magistrate, a bankruptcy judge, or a Federal grand jury;
>
> (B) a proceeding before the Congress; or
>
> (C) a proceeding before a Federal Government agency which is authorized by law....

While a court-martial is obviously not an "official proceeding" as defined in paragraph (1)(B) of 18 U.S.C. § 1515, defendants contend that a court-martial is also not an "official proceeding" as that term is defined in paragraphs (1)(A) or (1)(C) of § 1515.

While the term "court of the United States," as used in paragraph (1)(A) of § 1515, appears on its face to refer to any court of any type authorized under the Constitution or laws of the United States, this same term used in 18 U.S.C. § 1503 has been interpreted by several court decisions to refer only to a court created under article III, section 1, of the United States Constitution. *United States v. George*, 625 F.2d 1081 (3rd Cir.1980); *United States v. Regina*, 504 F.Supp. 629 (D.Md.1980); *United States v. Bell*, 108 F.Supp. 777, 14 Alaska 142 (1952). However, the court has not been directed to, nor has it been able to locate, any case directly interpreting the term "court of the United States" as that term is used in 18 U.S.C. § 1515.

There are, however, other indications that Congress intended the term "court of the United States" to refer to a court established under article III of the Constitution. The fact that Congress used the term "official proceeding" in 18 U.S.C. § 1512 and then defined it in 18 U.S.C. § 1515 to include proceedings other than proceedings before a "court of the United States" is a strong indication that Congress was well aware of the traditional interpretation given to this term and intended the term "court of the United States" to refer to a court established under article III of the Constitution. Furthermore, the definition of the term "court of the United States," as that term is used in Title 28 of the United States Code, is consistent with this interpretation. The court in *United States v. Bell* relied heavily on this definition in concluding that the term "court of the United States" used in 18 U.S.C. § 1503 did not refer to a territorial court created under Congress' power to regulate territorial government. The relevant portion of 28 U.S.C. § 451 provides as follows:

> As used in this title:
>
> The term "court of the United States" includes the Supreme Court of the United States, courts of appeals, district courts constituted by chapter 5 of this title, including the Court of International Trade and any court created by Act of Congress the judges of which are entitled to hold office during good behavior.

Thus, the defendants' position that the term "court of the United States" as that term is used in 18 U.S.C. § 1515(1)(A) is intended to refer only to courts created under article III of the United States Constitution is well-grounded.

Military courts, however, are created under article I, section 8 of the Constitution. See *Burns v. Wilson*, 346 U.S. 137 n. 1, 73 S.Ct. 1045 n. 1, 97 L.Ed. 1508 (1953) (Minton, J., concurring). In fact, military courts are legislative courts, and their jurisdiction is independent of article III of the Constitution of the United States. U.S.

the indictments, Criminal Numbers 86–32 and    86–105, respectively.

Const. art. III; *Parisi v. Davidson*, 405 U.S. 34, 92 S.Ct. 815, 31 L.Ed.2d 17 (1972).[2]

Thus, the court is constrained to conclude that a military court is not included within the definition of the term "official proceeding" as that term is used in 18 U.S.C. § 1512 and defined in 18 U.S.C. § 1515(1)(A).

The court's attention, therefore, turns to the second prong of the defendants' motion to dismiss the second count of the indictments. However, for the following reasons, a military court also does not fit within the definition of the term "official proceeding" as that term is used in 18 U.S.C. § 1512 and defined in 18 U.S.C. § 1515(1)(C).

First, "[m]ilitary law, like state law, is a jurisprudence which exists separate and apart from the law which governs in [the] federal judicial establishment." *Burns v. Wilson*, 346 U.S. 137, 140, 73 S.Ct. 1045, 1047, 97 L.Ed. 1508 (1953). Civil courts have traditionally played no role in the development of military law and have exerted no supervisory power over military courts. *Id.* The provisions of the Uniform Code of Military Justice, 10 U.S.C. §§ 801–940, provide an elaborate procedure governing pretrial and trial procedures in military courts designed to ensure as fair a trial as possible in military court.

Courts-martial are lawful tribunals existing under the Constitution and Acts of Congress which have plenary jurisdiction of offenses committed to them by the law military. Furthermore, they are supreme while acting within the sphere of their exclusive jurisdiction. *Carter v. Roberts*, 177 U.S. 496, 20 S.Ct. 713, 44 L.Ed. 861 (1900); *Rose ex rel. Carter v. Roberts*, 99 Fed. 948

(2nd Cir.1900), *cert. denied*, 176 U.S. 684, 20 S.Ct. 1026, 44 L.Ed. 638 (1900), *appeal dismissed*, 177 U.S. 496, 20 S.Ct. 713, 44 L.Ed. 861 (1900); *In re Bogart*, 3 Fed.Cas. 796 (C.C.D.Cal.1873) (No. 1,596); *United States ex rel. Harris v. Daniels*, 279 Fed. 844 (2nd Cir.1922).

A court-martial is a creature of statute, and as a body or tribunal,[3] must be convened and constituted in conformity with statute, or it is without jurisdiction. *Wade v. Hunter*, 72 F.Supp. 755 (D.Kan.1947), *rev'd on other grounds*, 169 F.2d 973 (10th Cir.1948), *aff'd*, 336 U.S. 684, 69 S.Ct. 834, 93 L.Ed. 974 (1949), *reh'g denied*, 337 U.S. 921, 69 S.Ct. 1152, 93 L.Ed. 1730 (1949); *Flackman v. Hunter*, 75 F.Supp. 871 (D.Kan.1948), *appeal dismissed*, 173 F.2d 899 (10th Cir.1949); *Anthony v. Hunter*, 71 F.Supp. 823 (D.Kan.1947).

The traditional separate existence of military and civil courts and the fact that Congress has provided a uniform code of military justice to govern procedures before military courts are both strong indications that the term "proceeding before a Federal Government agency which is authorized by law" in 18 U.S.C. § 1515(1)(C) was not intended to apply to a military court.

In addition, had the defendant still been subject to the jurisdiction of the courts-martial and the Uniform Code of Military Justice, *See* 10 U.S.C. § 802 and the applicable caselaw thereunder holding that members of the armed forces are not subject to the Uniform Code of Military Justice after their discharge, the defendant could have been prosecuted under the Uniform Code of Military Justice for the same alleged behavior for which he is before this court. 10 U.S.C. § 802(7); 10 U.S.C. § 934;

---

2. A court-martial is a special statutory tribunal with limited powers. *Collins v. McDonald*, 258 U.S. 416, 42 S.Ct. 326, 66 L.Ed. 692 (1922); *Givens v. Zerbst*, 255 U.S. 11, 41 S.Ct. 227, 65 L.Ed. 475 (1921). Courts-martial are lawful tribunals existing by the same authority as civil courts of the United States, have the same plenary jurisdiction in offenses by the law military as the latter courts have in controversies within their cognizance, and in their special and more limited sphere are entitled to as untrammeled

an exercise of their powers. *In re Davison*, 21 F. 618 (C.C.S.D.N.Y.1884).

3. "Tribunal" is defined as the seat of a judge; the place where he administers justice; the whole body of judges who compose a jurisdiction; a judicial court; the jurisdiction which the judges exercise. *Black's Law Dictionary* 1350 (5th ed. 1979). "Tribunal" is further defined as a court or forum of justice. *Webster's Ninth New Collegiate Dictionary* 1259 (1984).

*United States v. Harrigan,* 1 M.J. 550 (A.F.C.M.R.1975).

A court-martial is a unique creature, a special statutory tribunal with limited powers, and not "a Federal Government agency" such as the Federal Trade Commission, the Securities Exchange Commission, the Federal Energy Regulatory Commission, or even the Army Corps of Engineers. Furthermore, a tribunal is not an agency.

Although not in issue in the instant matter, the court notes by analogy only that federal government agencies such as those mentioned above (and including the Army Corps of Engineers, *See, e.g., Olberding v. United States Dept. of Defense, Dept. of the Army,* 564 F.Supp. 907, 913 (S.D.Iowa 1982), *aff'd,* 709 F.2d 621 (8th Cir.1983)) are, in certain circumstances, subject to the provisions of the federal Administrative Procedures Act, 5 U.S.C. §§ 551–559. It is interesting to note that for purposes of the Administrative Procedures Act, "agency" means each authority of the government of the United States, whether or not it is within or subject to review by another agency, but does not include courts-martial and military commissions. 5 U.S.C. § 551(1)(F). Thus, courts-martial are never considered as a "federal agency" vis-a-vis the federal Administrative Procedures Act.

With careful consideration of the legislative history and the caselaw applicable to the instant matter, this court is constrained to conclude that if Congress had intended 18 U.S.C. § 1512 to apply to military courts, specifically courts-martial, it would have used language much more precise than the language contained in 18 U.S.C. § 1515(1)(C).

For the above reasons and based on the applicable statutes and caselaw, the court is of the opinion that the defendants' motion to dismiss Count 2 of indictments 86–32 and 86–105 is meritorious as Count 2 of these indictments simply fails to charge an offense under 18 U.S.C. § 1512(a).

It is therefore the decision and order of this court that the defendants' motion to dismiss Count 2 of indictments 86–32 and 86–105 be, and the same hereby is, granted.