**UNITED STATES of America, Plaintiff–Appellee,**

v.

**James Conlan CLIFT, Defendant–Appellant.**

No. 86–5593.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 6, 1987.

Decided Dec. 7, 1987.

Beth Mina Farber, Asst. Federal Public Defender, Stephen J. Cribari, Deputy Federal Public Defender (Fred Warren Bennett, Federal Public Defender, Baltimore, Md., on brief), for defendant-appellant.

John Fitcher DePue, Dept. of Justice, Washington, D.C., (Samuel T. Currin, U.S. Atty., Raleigh, N.C., Deborah Watson,

---

Dept. of Justice, Washington, D.C., on brief), for plaintiff-appellee.

Before CHAPMAN and WILKINS, Circuit Judges, and BOYLE, United States District Judge for the Eastern District of North Carolina, sitting by designation.

WILKINS, Circuit Judge:

James Conlan Clift appeals his conviction for conspiracy to retaliate against a witness in violation of 18 U.S.C.A. § 371 (West 1966) and retaliation against a witness in violation of 18 U.S.C.A. § 1513 (West 1984). We affirm.

## I.

Clift was a Navy Commander assigned as chaplain to a military hospital. In March 1985, Gary Shue, a Navy enlisted man stationed at Camp LeJeune, North Carolina, became acquainted with Clift through his work at the hospital. Later that year, Shue reported to the Naval Investigative Service that Clift had made homosexual overtures toward him. Following an investigation charges were preferred alleging that Clift had engaged in homosexual practices and had fraternized with enlisted men in violation of Articles 133 and 134 of the Uniform Code of Military Justice. 10 U.S.C.A. §§ 933 and 934 (West 1983). A hearing was subsequently convened pursuant to Article 32 of the Uniform Code of Military Justice, 10 U.S.C.A. § 832 (West 1983). Shue testified at the proceedings concerning his activities and conversations with Clift.

After the Article 32 proceeding was concluded, the matter was referred for trial by general court-martial. In lieu of court-martial, Clift resigned his commission on December 7, 1985 and was given a less than honorable discharge on January 28, 1986.

In December 1985, Shue's motorcycle was vandalized. After an investigation, Clift and another individual, Frank Alexander Szilvay, were indicted in February 1986, and subsequently convicted of conspiracy to retaliate and retaliation against Shue for giving testimony at the Article 32 hearing. Szilvay did not appeal.

## II.

Clift was convicted of violating 18 U.S.C. A. § 1513(a), which provides in part that:

(a) Whoever knowingly engages in any conduct and thereby ... damages the tangible property of another person ... with intent to retaliate against any person for—

(1) the attendance of a witness or party at an official proceeding, or any testimony given or any record, document, or other object produced by a witness in an official proceeding; ...

.    .    .    .    .

or attempts to do so, shall be fined not more than $250,000 or imprisoned not more than ten years, or both.

Clift contends that the Article 32 hearing does not constitute an "official proceeding" under this section. In light of the plain language of the statutes involved, we find his contention to be without merit.

The term "official proceeding" is defined in 18 U.S.C.A. § 1515(a)(1) (West 1984) as follows:

(A) a proceeding before a judge or court of the United States, a United States magistrate, a bankruptcy judge, or a Federal grand jury;

(B) a proceeding before the Congress; or

(C) a proceeding before a Federal Government agency which is authorized by law.

The government concedes that the first two subsections are inapplicable to the present action. Therefore, the issue before us is whether an Article 32 hearing is a proceeding within the meaning of subsection (c).

The term "agency" is not defined in section 1515. However, 18 U.S.C.A. § 6 (West 1969), which is the general definitional section for Title 18, provides that "[a]s used in this title:"

The term 'agency' includes any department, independent establishment, commission, administration, authority, board or bureau of the United States....

The term 'department' means one of the executive departments enumerated in

section 1 of Title 5, unless the context shows that such term was intended to describe the executive, legislative, or judicial branches of the government.

Thus, for purposes of defining "agency" under Title 18, reference must be made to the executive departments listed in section 101 of Title 5. That provision states that the executive departments include "The Department of Defense." 5 U.S.C.A. § 101 (West 1977 & Supp.1987). Section 1515 therefore applies to a proceeding which is authorized by law before the Department of Defense and, of course, before components of the Department of Defense.

An Article 32 hearing fulfills these requirements. It is an official proceeding authorized, and indeed, required by law to determine if charges against an accused warrant the convening of a general court-martial. 10 U.S.C.A. § 832 (West 1983). It is an essential proceeding in the administration of military justice, in this case by the Department of the Navy, a component part of the Department of Defense.

Clift relies principally on *United States v. Ford,* 641 F.Supp. 704 (D.S.C.1986),[1] in support of his assertion that the Article 32 hearing was not an official proceeding. In *Ford,* the court held that military courts-martial were not official proceedings as defined in section 1515, noting that the definition of agency in the Administrative Procedure Act, 5 U.S.C.A. § 551(1)(F) (West 1977), expressly excludes courts-martial and military commissions. *Id.* at 707. However, the district court failed to recognize the definitional provision in section 6 of Title 18, which explicitly provides that the Department of Defense is an agency for the purposes of Title 18. *Ford* is not authority which gives support to appellant's position. An Article 32 hearing convened by one of the branches of the armed services is authorized by law and is an official proceeding before a federal government agency.

AFFIRMED.

1. No appeal was taken from the district court's order dismissing from the indictment charges of

attempting to intimidate a witness in violation of 18 U.S.C.A. § 1512 (West 1984).