**UNITED STATES of America**

v.

**Curtis Lee ALLEN, Jr.**

**Crim. No. 89–0333.**

United States District Court, District of Columbia.

Dec. 11, 1989.

Noel Brennan, Asst. U.S. Atty., Washington, D.C. for U.S.

Christopher M. Davis, Washington, D.C. for defendant Allen.

## MEMORANDUM AND ORDER

GESELL, District Judge.

On the day of trial, December 6, 1989, defendant moved to dismiss count two of the two-count indictment. The Court denied the motion for the reasons stated in open court and below.

Count two charges defendant with violating 18 U.S.C. § 1512(b) by knowingly using intimidation and threatening a person with the intent to influence, delay or prevent her testimony in an official proceeding. Defen-

dant argues that the only proceeding relevant to the alleged threat was a D.C. Superior Court grand jury proceeding, which, defendant asserts, is not an official proceeding within the meaning of the statute.

The alleged threat apparently occurred following a finding by the Superior Court that probable cause existed with respect to an assault with a deadly weapon charge against the defendant. The recipient of the alleged threat had been subpoenaed to testify before a Superior Court grand jury at the time the defendant allegedly threatened her. She never testified[1], and no indictment was returned by the Superior Court grand jury.

Subsequently, defendant was indicted by a grand jury of this court for possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d). After an attempted guilty plea to this offense failed in open court, the United States, consistent with prior notice to defendant, filed a superceding indictment with a count of witness tampering under 18 U.S.C. § 1512(b).

Defendant urges that since at the time of the threat a Superior Court grand jury was involved, this Court has no jurisdiction because there was no "official proceeding" within the meaning of 18 U.S.C. § 1512(b) pending at the time of the alleged threat.

"Official proceeding" is defined for purposes of 18 U.S.C. § 1512(b) at 18 U.S.C. § 1515(a)(1):

(A) a proceeding before a judge or court of the United States, a United States magistrate, a bankruptcy judge, a judge of the United States Tax Court, a special trial judge of the Tax Court, a judge of the United States Claims Court, or a federal grand jury;

(B) a proceeding before Congress; or

(C) a proceeding before a Federal Government agency which is authorized by law;

As defendant asserts, the D.C. Superior Court is clearly not within this definition. *Cf. United States v. Ford*, 641 F.Supp. 704

---

1. The woman testified at trial that defendant's threat convinced her not to testify. Testimony at trial also revealed that at the time of the alleged threat defendant had been advised to come to court sometime the next month.

(D.S.C.1986) (military court martial is not an official proceeding for purposes of 18 U.S.C. § 1512); *Park South Associates v. Fischbein*, 626 F.Supp. 1108 (S.D.N.Y.), *aff'd*, 800 F.2d 1128 (2d Cir.1986) (holding in a civil RICO suit that state court proceedings were not official proceedings for purposes of 18 U.S.C. § 1512). The Court need not reach the somewhat more difficult question of whether a D.C. Superior Court *grand jury* is a "federal grand jury" within the meaning of § 1515(a)(1), *cf. Hackney v. United States*, 389 A.2d 1336 (D.C.1977), because other arguments support this Court's position. However, a Superior Court grand jury is authorized by Congress to return a federal indictment. *Id.*

Section 1512(e)(1) of 18 United States Code provides that "an official proceeding need not be pending or about to be instituted at the time of the offense." Congress amended this statute with the explicit purpose of providing greater protection for potential witnesses. *See United States v. DiSalvo*, 631 F.Supp. 1398, 1402 (E.D.Pa. 1986), *aff'd*, 826 F.2d 1057 (3rd Cir.1987).

■ The fact that a Superior Court grand jury proceeding was scheduled at the time of the alleged threat does not undercut the applicability of section 1512(e)(1). The testimony that defendant was allegedly trying to prevent or influence relates to a federal charge, possession of an unregistered firearm, 26 U.S.C. § 5861(d), for which he is now being charged in this United States District Court, in an official proceeding within the meaning of the statute.

The United States' position is further bolstered by the D.C. Court of Appeals decision in *Hackney v. United States, supra*, which upheld the constitutionality of a Superior Court conviction on an indictment returned by a United States District Court grand jury, pursuant to former D.C.Code § 11–1903, now D.C.Code § 11–1916, which provides, "A grand jury serving in the District of Columbia may take cognizance of all matters brought before it regardless of whether an indictment is returnable in the Federal or District of Columbia courts." In addition, the Advisory Committee comment to Rule 6 of the D.C. Superior Court Rules of Criminal Procedure (1986) states, "This Rule recognizes that a grand jury summoned by the Superior Court may return indictments in either the Superior Court or the United States District Court." In light of *Hackney* and the Advisory Committee's note, it cannot be that an aborted Superior Court grand jury proceeding alone voids the applicability of 18 U.S.C. § 1512(e)(1); in fact, it enhances the United States' position, because the pending grand jury proceeding may properly be viewed as an indication that a federal "official proceeding" was a serious possibility.

Before ruling on the defendant's motion, the Court granted in open court on December 6 the United States' oral motion to admit evidence underlying the alleged threat to the witness as proof of intent, knowledge and identity with respect to the indictment's first count, pursuant to Federal Rules of Evidence 404(b). The Court concluded that the probative value of the evidence, tending to show that the defendant was the individual who possessed the sawed-off shotgun, outweighed the danger of unfair prejudice, even if, contrary to the Court's ruling, it does not have jurisdiction over the witness tampering count. All rights of both the United States and the defendant on the jurisdictional question are preserved for appeal, if appropriate.

SO ORDERED.